# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANJIV GOEL M.D., INC., Plaintiff, <br><br> v. <br><br> CIGNA HEALTHCARE OF CALIFORNIA, INC., et al., Defendants. | 19-CV-03356-DSF (PLAx) <br><br> Order GRANTING Plaintiff's Motion to Remand (Dkt. 9) |

  Defendants Cigna Healthcare of California, Inc. (Cigna California) and Cigna Health and Life Insurance Company (CHLIC) (collectively, Defendants) removed this case based on diversity and federal question jurisdiction. Dkt. 1 (Notice). Plaintiff Sanjiv Goel M.D., Inc. (Plaintiff) moves for remand. Dkt. 9 (Mot.). Plaintiff's Motion is GRANTED.

## I. FACTUAL BACKGROUND

  Plaintiff provides emergency medical services. Dkt. 1-1 (Compl.) ¶ 1. After rendering such services to four patients insured by Defendants, Plaintiff submitted claims for reimbursement. Id. ¶ 10. Defendants reimbursed Plaintiff $32,089.69 for those services but failed to reimburse the remaining $387,412.23 Plaintiff claims it is owed. Id. ¶ 15.

## II. DISCUSSION

### A. Diversity Jurisdiction

Federal courts have diversity jurisdiction where the amount in controversy exceeds $75,000 and the action is between citizens of different states. 28 U.S.C. §§ 1332, 1441.[1] Defendants do not contest that Cigna California and Plaintiff are both citizens of California, but claim Cigna California was fraudulently joined.[2]

For purposes of diversity jurisdiction, the Court "may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." Grancare, LLC v. Thrower, 889 F.3d 543, 548 (9th Cir. 2018). A non-diverse defendant is fraudulently joined "[i]f the plaintiff fails to state a cause of action against [the] resident defendant, and the failure is obvious according to the settled rules of the state." Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001) (first alteration in original) (quoting McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987)). "[T]he test for fraudulent joinder and for failure to state a claim under Rule 12(b)(6) are not equivalent." Grancare, 889 F.3d at 549. Instead, "the standard is similar to the 'wholly insubstantial and frivolous' standard for dismissing claims under Rule 12(b)(1) for lack of federal question jurisdiction." Id. In evaluating a claim of fraudulent joinder, "a federal court must find that a defendant was properly joined and remand the case to state court if there is a '*possibility* that a state court would find that the complaint states a cause of action against any of the [non-diverse] defendants.'" Id. (alteration and emphasis in original) (quoting Hunter v. Philip Morris USA, 582 F.3d 1039, 1046 (9th Cir. 2009)). In this inquiry, "the district court must consider . . .

---

[1] The parties do not dispute that the amount in controversy exceeds $75,000.

[2] Defendants' Request for Judicial Notice is denied as moot.

whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend." Id. at 550.

In its Complaint, Plaintiff does not differentiate between CHLIC and Cigna California. See Compl. ¶¶ 2-3 (defining CHLIC and Cigna California as "Cigna" and Cigna and the Doe defendants as "Cigna" or "Defendants"). Plaintiff alleges that CHLIC and Cigna California "coordinate their efforts, utilize the same employees and assets, [and] have actual or ostensible authority to, and do in fact, act through one another, and otherwise function as a united whole." Id. ¶ 3. Plaintiff further alleges that CHLIC and Cigna California market and present themselves to members and providers as "a single unified entity under the 'Cigna' marketing brand name," id., and "are the alter egos of each other," Mot. at 6; see also Compl. ¶ 8.

Defendants argue that Cigna California was fraudulently joined because CHLIC, and not Cigna California, "administered or insured medical benefits for the four individuals who received the treatment for which plaintiff alleges it was undercompensated" and "Cigna California was [not] responsible for payment of the contested claims." Dkt. 12 (Opp'n) at 7-8. Defendants also dispute that Cigna California is the alter ego of CHLIC. Id. at 8-9.

As to the first point, Defendants submitted a declaration from Emily Russell, an operations advisor at CHLIC, asserting that Cigna California "is not the insurer, plan sponsor, plan administrator, or claims administrator" for any of the four patients' health plans. Dkt. 12-3 (Russell Decl.) at ¶¶ 1, 6, 11, 16, 20. Defendants also submitted a declaration from William S. Jameson, Managing Counsel for CHLIC and Cigna California, stating that Cigna California "had no responsibility for processing, adjudicating, or denying the claims for the services as issue in this action." Dkt. 12-2 (Jameson Decl.) ¶¶ 1, 10. Although this evidence may cast doubt on the viability of Plaintiff's claims

against Cigna California, "a denial, even a sworn denial, of allegations does not prove their falsity." Grancare, 889 F.3d at 551.

As to the second point, Jameson declares that neither CHLIC nor Cigna California is "a parent company or subsidiary of the other," "each independently decide[s] what products they will offer" and "utilize[s] a different claims platform and a different claims process," they "do not employ the same personnel,"[3] have "independent boards of directors," and "generate separate financial statements." Jameson Decl. ¶¶ 6-8. These assertions cast doubt on the viability of Plaintiff's alter ego theory, but do not demonstrate that Cigna California could not possibly be liable. "[I]t is conceivable that a corporate family could have formal delineations of responsibilities that are not followed in practice." Jadali v. Cigna Health & Life Ins. Co., 3:19-cv-00996-WHO, 2019 WL 1897481, at *3 (N.D. Cal. Apr. 29, 2019). The Court recognizes that the Complaint as it stands provides minimal factual allegations to support a claim of alter ego liability, but the Court finds such deficiency could be cured through amendment.

Because Cigna California was not fraudulently joined, diversity jurisdiction did not exist at the time of removal.

**B.     Federal Question Jurisdiction**

For the Court to have federal question jurisdiction, the claim must arise under federal law. 28 U.S.C. § 1331. "Ordinarily, determining whether a particular case arises under federal law turns on the 'well-pleaded complaint' rule." Aetna Health Inc. v. Davila, 542 U.S. 200, 207 (2004) (quoting Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal., 463 U.S.

---

[3] That is, apparently, apart from Mr. Jameson, who is Managing Counsel for both companies. Jameson Decl. ¶ 1.

4

1, 9-10 (1983)). However, there is an exception to the well-pleaded complaint rule for federal statutes that completely preempt a plaintiff's state law claim. Id. (citing Beneficial Nat. Bank v. Anderson, 539 U.S. 1, 8 (2003)). Here, Defendants assert that Plaintiff's state law claims are completely preempted under ERISA.

The Supreme Court has established a two-prong test to determine whether a state law cause of action is completely preempted by ERISA: (1) "if an individual, at some point in time, could have brought his claim under" 29 U.S.C. § 1132(a)(1)(B)[4] and "there is no other independent legal duty that is implicated by defendant's actions." Id. at 210. Both prongs must be satisfied for preemption to apply. Marin Gen. Hosp. v. Modesto & Empire Traction Co., 581 F.3d 941, 947 (9th Cir. 2009).

### 1. Davila's First Prong

Because Davila's second prong is clearly not met, the Court need not analyze the first prong. See Hansen v. Grp. Health Coop., 902 F.3d 1051, 1059 (9th Cir. 2018).

### 2. Davila's Second Prong

As Defendants concede, state law claims can survive preemption if they are based on "an extraneous promise that imposed an obligation on the defendant *independent* of the terms of the ERISA plan." Opp'n at 14. Under Davila's second prong, "[t]he relevant inquiry . . . focuses on the *origin* of the duty, not its relationship with health plans." Hansen, 902 F.3d at 1060.

---

[4] That provision states: "A civil action may be brought . . . by a participant or beneficiary . . . to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."

Therefore, a duty can be "independent" under <u>Davila</u> even if "it relies on the existence of a health benefit plan." <u>See</u> <u>id.</u>[5]

### a. Statutory Claims (First and Fifth Causes of Action)

In <u>Davila</u>, plaintiffs asserted claims under a state health care statute that imposed liability on managed care entities for damages proximately caused by a failure to exercise ordinary care. 542 U.S. at 212. However, because the statute included a safe harbor for damages caused by failure to provide uncovered treatment, "interpretation of the terms of respondents' benefit plans forms an essential part of their [state statutory] claim, and [statutory] liability would exist here only because of petitioners' administration of ERISA-regulated benefit plans." <u>Id.</u> at 213. In other words, liability under the statute depended on whether coverage was rightfully denied under the plan.

By contrast, the California statute at issue here, as applied to health care providers, "does impose an independent coverage requirement, mandating that health plans" reimburse providers for emergency services provided to stabilize a patient. <u>See</u>

---

[5] For this reason, Defendants' reliance on pre-<u>Hansen</u> district court cases that hold otherwise are misplaced. Opp'n at 16-17 (first citing <u>In re WellPoint, Inc. Out-of-Network UCR Rates Litig.</u>, 903 F. Supp. 2d 880, 930 (C.D. Cal. 2012) ("[A]ny obligation that WellPoint had to pay for emergency services is entirely dependent on Dr. Schwendig's patients . . . being enrolled in a qualifying benefits plan"); then citing <u>Melamed v. Blue Cross of California</u>, No. CV 11-4540 PSG FFMX, 2011 WL 3585980, at *8 (C.D. Cal. Aug. 16, 2011), <u>aff'd</u>, 557 F. App'x 659 (9th Cir. 2014) ("[A]ny obligation that Defendants had to pay for emergency services is entirely dependent on Plaintiffs' patients . . . being enrolled in a qualifying benefits plan.")).

Hansen, 902 F.3d at 1060.  Unlike Davila where "the state law applied only when a benefit plan covered treatment," the state law here "applies to how all benefit plans cover" stabilizing emergency services.  See id.  "[B]ecause [the statutory duty] does not piggyback on, and is thus independent of, the specific rights 'established by the benefit plans[,]'" the second Davila prong is not met.  Id. (quoting Davila, 542 U.S. at 213); see also John Muir Health v. Cement Masons Health & Welfare Tr. Fund for N. California, 69 F. Supp. 3d 1010, 1020 (N.D. Cal. 2014) (California Health and Safety Code § 1371.4(b) "requires payment irrespective of the enrollee's plan determination.").[6]

Defendants also assert that this claim is preempted because § 1371.4 does not apply to self-funded health care plans, and at least one of the patients had a self-funded plan, Opp'n at 15; Defs.' Supp. Br. at 9, and that there is no private right of action to enforce § 1371.4(b), Opp'n at 16.  However, these arguments present defenses to Plaintiff's claim that can be raised on demurrer; they are not relevant to the Court's preemption analysis.  See Catholic Healthcare W.-Bay Area v. Seafarers Health & Benefits Plan, 321 F. App'x 563, 565 (9th Cir. 2008) ("That [defendant] may succeed on the merits does not alter the fact that [plaintiff's] Complaint asserts only non-preempted state law claims.").

Therefore, the First and Fifth Causes of Action are not completely preempted by ERISA.

---

[6] The Court also is not persuaded by Defendants' argument that Cleghorn v. Blue Shield of California, 408 F.3d 1222 (9th Cir. 2005) mandates preemption here.

b. Contract-based Claims (Second, Third, Fourth and Sixth Causes of Action)

As described above, in support of its contract-based claims, the Complaint alleges independent "oral representations," an "implied contract based upon prior dealing," and implied "authorization and approval for the medical care and treatment of their member patients." Compl. ¶¶ 46, 54, 77. The claims in Sobertec LLC v. UnitedHealth Grp., Inc., No. SACV191206JVSMRWX, 2019 WL 4201081, at *1 (C.D. Cal. Sept. 5, 2019) were similar: "Plaintiffs relied on . . . benefits verifications, authorizations and related representations from Defendants, and this course of dealing generally, consistent with industry custom and practice, in agreeing to provide care to Defendants' insureds." The court held that the plaintiffs' claims were not preempted because they were "not based on an obligation under an ERISA plan, but rather on oral representations and implied contracts, and the state-law relied upon does not apply only to ERISA plans."[7] Id. at *4. The same is true here.

Defendants' conclusory assertions that "Cigna's obligations were governed only by the relevant ERISA plans and the applicable law," Opp. at 14, and "the only reason plaintiff can

---

[7] In the cases on which Defendants rely, there were no factual allegations distinct from an ERISA claim. See, e.g., Sarkisyan v. CIGNA Healthcare of California, Inc., 613 F. Supp. 2d 1199, 1208 (C.D. Cal. 2009) ("Plaintiffs' only relevant connection to CIGNA with respect to these three claims is CIGNA's partial administration of the Sonic Benefit Plan" and claims turn on whether "CIGNA's administration of the Sonic Benefit Plan was unlawful"); WellPoint, 903 F. Supp. 2d at 930 ("Dr. Schwendig's UCL claim is based on the same allegations as his ERISA claim for benefits"); Melamed, 2011 WL 3585980, at *7 (Plaintiff's claims were based on the "'usual and customary' rate of services performed to Defendants' members *as promised in the ERISA plan*.") (emphasis added)).

8

pursue payment from CHLIC is because of the patients' ERISA plans," Defs.' Supp. Br. at 8, "utterly disregard[] the allegations and case theory of Plaintiff," see John Muir, 69 F. Supp. 3d at 1018.[8] It is true that the factual allegations that form the basis for these independent duties are somewhat lacking in detail, but because there is a "strong presumption against removal jurisdiction . . . the court resolves all ambiguity in favor of remand to state court." Hunter, 582 F.3d at 1042.

Plaintiff has alleged that his claims stem from independent oral promises, course of dealing, and California statutes. Those allegations are sufficient to establish a duty independent of ERISA, and therefore Plaintiff's state law claims are not completely preempted. The Court lacks federal question jurisdiction over Plaintiff's claims.

## C. Attorney's Fees

"An order remanding a case may require payment of just costs and actual expenses, including attorney fees, incurred as a result of removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). Although unsuccessful, the removal was objectively reasonable. Plaintiff's request for fees and costs is DENIED.

---

[8] Defendant also misstates the Complaint by omitting one of the bases on which Plaintiff purportedly "concede[d]" its expectation for payment was based. Opp'n at 15 (omitting "Cigna's promise to make payments on behalf of its insured patients").

## III. CONCLUSION

The motion to remand is GRANTED. The case is REMANDED to the Superior Court of California, County of Ventura.

IT IS SO ORDERED.

Date: October 9, 2019

_____
Dale S. Fischer
United States District Judge